IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, aka | § | |
| JERRY WILSON, | § | |
| TDCJ-CID No. 590690, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 4:16-CV-02108 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Petitioner Steve Vic Parker aka Jerry Wilson (he changes his name at will) challenges the calculation of his sentences after March 17, 2016. To that extent, the petition is without merit and unexhausted. If Parker is complaining about events that arose several years prior to March 17, 2016 (in 2013), the petition is time barred and successive.

### JURISDICTION

Parker seeks habeas corpus relief in this Court pursuant to 28 U.S.C. §2254. This Court possesses jurisdiction because Parker was incarcerated within this Court's jurisdiction at the time the petition was filed and claims he is solely challenging matters that arose on or after

1

March 17, 2016. *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## PETITIONER'S ALLEGATIONS

Respondent Lorie Davis (the Director) understands Parker to allege that his consecutive seven year sentences are being improperly calculated because he did not receive a new TDCJ-CID number after he discharged his first sentence and he has not received flat and good time credits on his seven year sentences since those sentences have been calculated to begin to run on July 8, 2015.

## GENERAL DENIAL

The Director denies all of Parker's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

The Director has lawful custody of Parker pursuant to judgments and sentences of the 19th District Court of McClellan County, Texas, in cause number 2010-447-C1. Exhibit A at 2-3. Parker is serving two seven year sentences for theft in that cause with judgments dated October 13, 2010, with 253 days of presentence credits. Exhibit A at 2-3; Exhibit B at 1-4. These seven year sentences were ordered to be served consecutive to the twenty year sentence mentioned below. Exhibit A at 3; Exhibit B at 1, 3.

The Director previously had custody of Parker pursuant to a judgment and sentence of the 264th District Court of Bell County, Texas, in cause number 39,082. Exhibit A at 2; Exhibit B at 5-7. Parker was serving a twenty year sentence for unauthorized use of a motor vehicle with judgment dated April 25, 1991, but that sentence discharged on March 17, 2016. Exhibit A at 2, 4; Exhibit B at 5.

A history of any appeals, state habeas applications, and prior federal habeas petitions that are unrelated to matters that arose prior to Parker's discharge date on his twenty year sentence will not be set forth here.

Parker was erroneously released to mandatory supervision on April 11, 2013, but was arrested on an erroneous release warrant on June 28, 2013. Exhibit A at 3. Parker was not charged any out of custody time for the period of time that he was erroneously released. Exhibit A at 3.

As relevant here, Parker has not filed a time credit dispute with TDCJ-CID since his initial twenty year sentence discharged on March 17, 2016. Exhibit A at 4.

As relevant here to when the initial sentence discharged on March 17, 2016, Parker filed an application for state writ of habeas corpus on or about April 25, 2016, claiming, among other things, that his

consecutive sentences were being improperly calculated. SHCR-23 at 18.[1] The Texas Court of Criminal Appeals dismissed the application as a subsequent application on June 8, 2016. SHCR-23 action taken.

This proceeding was filed on or about July 5, 2016. Fed. Petition at 10; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

## RECORDS

Copies of the applications for state writ of habeas corpus will be electronically filed.

## LIMITATIONS/EXHAUSTION/SUCCESSIVE PETITION

Because Parker is complaining about issues that arose on or about March 17, 2016, this petition is not arguably successive as defined by 28 U.S.C. § 2244(b) nor arguably time barred under 28 U.S.C. § 2244(d). The Director believes that Parker has not exhausted state court remedies on the claims as construed by the Director. Should Parker contend that he is raising different claims, the Director reserves all defenses.

---

[1] "SHCR" refers to the applications for state writ of habeas corpus by writ and page numbers. Parker's applications for state writ of habeas corpus filed pro se could not be deemed filed earlier than when he signed them. The Director will assume *arguendo* that the state applications were placed in the prison mail system on the date Parker signed them. *Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013).

## MOTION FOR SUMMARY JUDGMENT

Parker appears to first contend that his consecutive sentences are null and void because his name and TDCJ-CID number were not changed after he discharged his twenty year sentence. Parker does not contend how he possesses a protected constitutional right in this regard. Parker does not offer any evidence that he has been prejudiced after March 17, 2016. Consequently, this claim is conclusory. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ((""[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Parker appears to next contend that he has been denied flat and good time credits on his seven year sentences because he did not receive any credits for the time period of his erroneous release in 2013. However, Parker offers no evidence or constitutional principal that did not arise until March 17, 2016, which would have entitled him to those credits on his consecutive sentences on that date. Indeed, Parker was not even serving his seven year sentences at the time of his erroneous release. Further, Parker was not charged any out of custody time for the

erroneous release time period. Exhibit A at 3. In other words, Parker has already received sentence credits for the erroneous release time period.

Again, if Parker is truly complaining about events that occurred upon his return to prison in 2013 and the effect those matters may have on his seven year sentences, such a claim would be successive and time barred. But Parker claims to challenge matters that arose on or after March 17, 2016.

Parker's claim is also unexhausted because he has not filed a time credit dispute with TDCJ-CID on or after March 17, 2016. Exhibit A at 4; *see e.g. Bolden v. Director, TDCJ-CID*, 2009WL1120010, *5-6 (E.D. Tex. April 27, 2009).

## CONCLUSION

For the above reasons, the Director respectfully requests the Court dismiss this action.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        ADRIENNE McFARLAND
        Deputy Attorney General
         for Criminal Justice

|                      | EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division |
|---|---|
|                      | s/   Tommy L. Skaggs<br>TOMMY L. SKAGGS* |
| *Attorney in Charge  | Assistant Attorney General<br>State Bar No. 18452650<br>Southern No. 18643 |
|                      | P. O. Box 12548, Capitol Station<br>Austin, Texas   78711<br>(512) 936-1400<br>Facsimile No. (512) 936-1280<br>Tommy.Skaggs@oag.texas.gov |

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To Petitioner: you are hereby notified that the undersigned attorney will bring the foregoing motion before the Court as soon as the business of the Court will permit.

s/   Tommy L. Skaggs
TOMMY L. SKAGGS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing it in the United States Mail, postage prepaid, on October 25, 2016, addressed to:

Steve Vic Parker aka Jerry Wilson
TDCJ –CID No. 590690
Estelle Unit
264 FM 3478
Huntsville, TX 77320

<u>s/   Tommy L. Skaggs</u>
TOMMY L. SKAGGS
Assistant Attorney General