United States District Court
Southern District of Texas

**ENTERED**

February 10, 2017

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, AKA, | § | |
| JERRY WILSON, | § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-02108 |
| LORIE DAVIS, | § | CONSOLIDATED NO. 4:16-CV-02274 |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Steve Vic Parker, also known as Jerry Wilson, a Texas state inmate, filed these petitions for writ of habeas corpus under 28 U.S.C. § 2254, alleging that his sentences are miscalculated and void. Dkt. 1. The petition was referred to this magistrate for report and recommendation by District Judge Lynn N. Hughes. Dkt. 5. Upon motion by Respondent, this case was consolidated with a related petition before District Judge Kenneth Hoyt.[1] Respondent filed a motion for summary judgement. Dkts. 13, 14. After reviewing the record and the briefing, the Court recommends that the petitions be dismissed with prejudice.

## Background

On April 25, 1991, Parker was sentenced to twenty years imprisonment pursuant to a judgment by the 264th District Court of Bell County, Texas.[2]  He was free on mandatory supervision from that sentence when he was arrested for theft. On October 13, 2010, he

---

[1] *Wilson v. Davis*, C.A. H-16-02274 (S.D. Tex. 2016).
[2] Petitioner changed his name at will from Parker to Wilson. The twenty-year sentence out of Bell County and several of Petitioner's other federal petitions are filed under the name Wilson, while others use the name Parker. This Memorandum and Recommendation refers to the petitioner as Parker.

was convicted of theft and sentenced to seven years imprisonment by the 19th District Court of McLennan County, Texas. The two concurrent seven-year terms were to run consecutive to the twenty-year sentence imposed in 1991.

According to the affidavit of Classifications and Records Department Program Supervisor III Charley Valdez, Parker's twenty-year sentence was concluded on March 17, 2016, and the seven-year sentences began on July 8, 2015 (accounting for 253 days of pre-trial jail credit). Dkt. 16-2 at 3. Parker does not challenge the underlying convictions. As the Court understands, Parker's allegations boil down to his belief that his sentences are miscalculated and that he is being held illegally under a void sentence. However, these petitions are not the first time Parker has raised these issues in habeas proceedings. *Wilson v. Thaler*, C.A. No. H-13-0974 (S.D. Tex 2014); *Wilson v. Stephens*, C.A. No. H-15-0658 (S.D. Tex. 2015); *Parker v. Stephens*, C.A. No. H-15-0853 (S.D. Tex. 2015). There are a host of other dismissed petitions in the Eastern and Western Districts of Texas.

## Analysis

Parker's petitions are subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides that "[a] claim raised in a second or successive petition that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This is an absolute bar against raising in a successive habeas corpus application a claim that was presented in a prior application. *Graham v. Johnson*, 168 F.3d 762, 789 (5th Cir. 1999).

A petition is successive "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders v. U.S.*, 373 U.S. 1, 15 (1963). The *Sanders* Court further explained that the term "ground" means simply "a sufficient basis for granting relief sought by the applicant." *Id.* at 16. "In other words, identical grounds may often be proved by different factual allegations… [or] supported by different legal arguments." *Id.*

Parker has filed a litany of federal habeas petition, all of which assert the same grounds. The first of the series, where Parker asserted his stacked sentences were void because they ran afoul of the *ex post facto* clause, was dismissed on the merits in 2013.[3] The second petition was dismissed as barred by *res judicata* and/or collateral estoppel in 2015,[4] and the third petition dismissed because it was duplicative in 2015.[5] As pointed out by District Judge Keith Ellison, Parker's grounds are "chronological continuations of claims raised and rejected in his previous habeas lawsuit." *Wilson v. Stephens*, C.A. No. H-15-0658 (Dkt. 5). Courts have determined time and time again that Parker's sentences are stacked and calculated properly. "A rehashed claim is not a new claim." *Bennett v. U.S.*, 119 F.3d 470, 471-72 (7th Cir. 1997).

---

[3] *Wilson*, C.A. No. H-13-00974, Dkt. 20 at 6.
[4] *Wilson*, C.A. No. H-15-0658, Dkt. 5 at 2.
[5] *Parker*, C.A. No. H-15-0853, Dkt. 8 at 2.

## **Conclusion**

For these reasons, the Court recommends that Parker's petitions be dismissed with prejudice. The Court further finds that Parker has not shown that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on February 10, 2017.

Stephen Wm Smith
United States Magistrate Judge